**Osman MILLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

No. 04–5828AG.

United States Court of Appeals, Second Circuit.

March 22, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Charles Christophe, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania; Richard M. Bernstein, Assistant United States Attorney, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Osman Milla petitions for review of the October 2004 order of the Board of Immigration Appeals affirming without opinion the order of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings under the substantial evidence standard, under which "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003) (internal quotations and citations omitted). Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Credibility determinations are given "the same deference on review as other factual determinations," but the IJ must give "specific, cogent" reasons for rejecting testimony on credibility grounds. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

There was substantial evidence supporting the IJ's finding that Milla's testimony lacked credibility. As the IJ noted, where it was comprehensible and responsive to the questions asked, Milla's testimony was internally inconsistent. He gave varying dates for and accounts of the three arrests he allegedly experienced in Kosovo, and testified in his second hearing about a fourth arrest which had never been mentioned in his previous testimony or asylum application. The IJ also correctly noted that Milla's asylum claim relied on his political activities, which he testified consisted of collecting money to purchase weapons for an armed uprising in Kosovo. As the IJ stated, this did not constitute grounds for asylum, withholding of removal, or CAT relief. Accordingly, the IJ properly denied his application.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).